**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION**

| | |
|---|---|
| MERCELIS ODOM, No. 242768,      )<br>                                                      )<br>                         Plaintiff,      )<br>                                                      )<br>           vs.                                     )<br>                                                      )<br>UNITED STATES OF AMERICA, *et.*  )<br>*al.*,                                                )<br>                                                      )<br>                         Defendants.   )<br>                                                      ) | No. 5:13-cv-01231-DCN<br><br>**ORDER** |

     This matter comes before the court on an action filed by plaintiff, a federal prisoner, pursuant to Bivens v. Six Unknown Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).  United States Magistrate Judge Kaymani D. West has issued a report and recommendation ("R&R"), recommending that the court grant the motion for summary judgment filed by defendants Officer Michael Pittman ("Pittman") and the United States of America.  For the reasons set forth below, the court adopts the report and recommendation and grants defendants' partial motion for summary judgment.

### I.  BACKGROUND

     Odom is a federal prisoner who, during the relevant time period, was housed in the Federal Corrections Institution in Edgefield, South Carolina ("FCI Edgefield").

**A.  Factual Allegations**

     Because defendants have moved for summary judgment, the court construes the facts in the light most favorable to Odom.  On November 30, 2011, Odom was assaulted by another inmate while he was exiting the dish room of FCI Edgefield's dining hall.  Am. Compl. 3; Mercelis Odom Aff. 1, Feb. 17, 2014.  The inmate who attacked Odom

1

hit Odom in the head and on the back.  Odom Aff. 1.  Odom ran out of the dish room and was chased by his attacker into the dining hall.  Id.  Between three and five minutes after the assault was over, Pittman responded to the dining hall with two other officers.  Id.  Pittman yelled at Odom "Mother fucker, get on the ground."  Am. Compl. 3.  Odom, disoriented from the blow to the head that he had received, could not respond quickly to Pittman's order.  Id.  While Odom was "getting on [his] knees with both hands in the air," Pittman forcefully grabbed Odom's left arm.  Odom Aff. 1.  Pittman forced Odom's arm behind his back and forced Odom to lie face down on the ground.  Id.  As a result of Pittman's actions, Odom suffered a left arm injury.  Am. Compl. 3.  Odom complains of persistent left arm and shoulder weakness, numbness, and tingling.  See, e.g., Defs.' Mot. for Summ. J. Ex. 4.  On March 28, 2013, a neurologist diagnosed Odom with brachial neuritis or radiculitis and noted that there is evidence of mild carpal tunnel syndrome.  Id.

### B.  Procedural History

Odom filed an amended civil complaint against Pittman and the United States on June 7, 2013, seeking relief pursuant to Bivens, which established a direct cause of action against federal officials for the violation of federal constitutional rights.  A Bivens claim is analogous to a claim against state officials under 42 U.S.C. § 1983; federal officials cannot be sued under Section 1983 because they do not act under color of state law.  See 42 U.S.C. § 1983; Corr. Servs. Corp. v. Malesko, 534 U.S. 61, 70 (2001) ("The purpose of Bivens is to deter individual federal officers from committing constitutional violations."); Holly v. Scott, 434 F.3d 287, 291 (4th Cir. 2006) (same).  Odom's complaint alleges that Pittman's actions violated the Federal Tort Claims Act ("the FTCA") as well as Odom's constitutional rights under the Eighth and Fourteenth

Amendments. Through the FTCA, Odom asserts state law claims of assault and negligence against defendants.

On August 26, 2013, defendants filed a motion for summary judgment. Odom responded to the motion on September 17, 2013. The matter was referred to the magistrate judge, who issued her R&R on December 31, 2013, recommending that the court grant defendants' motion for partial summary judgment.

On February 21, 2014, Odom filed objections to the R&R. Defendants have not replied to Odom's objections. The matter has been fully briefed and is now ripe for the court's review.

## II. STANDARDS OF REVIEW

This court is charged with conducting a de novo review of any portion of the magistrate judge's report to which specific, written objections are made, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636(b)(1). The magistrate judge's recommendation does not carry presumptive weight, and it is the responsibility of this court to make a final determination. Mathews v. Weber, 423 U.S. 261, 270-71 (1976). A party's failure to object may be treated as agreement with the conclusions of the magistrate judge. See Thomas v. Arn, 474 U.S. 140, 150 (1985).

Odom appears pro se in this case. Federal district courts are charged with liberally construing complaints filed by pro se litigants to allow the development of a potentially meritorious case. See Haines v. Kerner, 404 U.S. 519, 521 (1972). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a cognizable claim, nor does it mean the

court can assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

Summary judgment shall be granted if the movant shows that there is no genuine dispute as to any issue of material fact and that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the ECF of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. At the summary judgment stage, the court must view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in his favor. Id. at 255.

## III.   DISCUSSION

The R&R makes the following findings: (1) it is an open question of fact whether Odom's Bivens claim was procedurally exhausted; (2) Odom's Bivens claim nevertheless fails because the amount of force Pittman used was not excessive; (3) even if Odom's Bivens claim had merit, it would fail because Pittman is entitled to qualified immunity; (4) Odom's assault claim also fails because Pittman's use of force was not excessive; and (5) summary judgment is inappropriate on Odom's negligence claim because defendants have not sought summary judgment on that claim. The parties have not objected to the magistrate judge's first and fifth findings. The court has reviewed these portions of the R&R and agrees with the magistrate judge's reasoning. As a result, the court accepts these portions of the R&R without further comment.

While Odom's objections note defendants' assertion of qualified immunity, Odom in no way contests the magistrate judge's recommendation that defendants are entitled to qualified immunity. Odom's Objections 3 ("Before the court can determine whether or not that the defendant is entitled to qualified immunity the court must first determine if plaintiff has stated a claim for use of excessive force . . . ."). Because neither party has objected to the magistrate judge's qualified immunity finding, and because the court finds no error in the magistrate judge's reasoning, the court adopts this portion of the R&R as well.

What remains to be considered are Odom's objections to the magistrate judge's second and fourth findings, which relate to Odom's Bivens and assault claims. The success or failure of these claims hinge on whether Pittman's actions amount to an excessive use of force in violation of the Eighth Amendment.[1]

It is well-settled that the Eighth Amendment's prohibition against "cruel and unusual punishment" prohibits prison officials from inflicting pain unnecessarily and wantonly against prisoners. Whitley v. Albers, 475 U.S. 312, 319 (1986); Hill v. Crum, 727 F.3d 312, 317 (4th Cir. 2013). "An inmate's Eighth Amendment claim involves a subjective component and an objective component." Iko v. Shreve, 535 F.3d 225, 238 (4th Cir. 2008). Specifically, the court must decide "whether the prison official acted

---

[1] In his complaint, Odom specifically invokes the protections of the Eighth and Fourteenth Amendments. However, the Supreme Court has explained that, after conviction, it is the Eighth Amendment – not the Fourteenth – that protects prisoners against the excessive use of force.

> After conviction, the Eighth Amendment serves as the primary source of substantive protection in cases where the deliberate use of force is challenged as excessive and unjustified. Any protection that "substantive due process" affords convicted prisoners against excessive force is, we have held, at best redundant of that provided by the Eighth Amendment.

Graham v. Connor, 490 U.S. 386, 399 n.10 (1989) (internal quotations omitted). As a result, the court analyzes Odom's claims only under the rubric of the Eighth Amendment.

with a sufficiently culpable state of mind (subjective component) and whether the deprivation suffered or injury inflicted on the inmate was sufficiently serious (objective component)." Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996). Where, as here, a prisoner makes an excessive force claim, the court's subjective component analysis "turns on whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." Hudson v. McMillian, 503 U.S. 1, 6 (1992) (citations omitted); see also Williams, 77 F.3d at 761.

The parties agree that Pittman's actions occurred as he responded to a prisoner-on-prisoner assault. Odom complains that Pittman used excessive force when he grabbed Odom's arm, forced Odom's arm behind his back, and made Odom lie down on the floor. Defendants respond that FCI Edgefield's standard operating procedures direct prison personnel to gain physical control of all inmates involved in an altercation so that they can be handcuffed. See Manly Parker Aff. ¶ 4, July 24, 2013. Defendants contend that Pittman's actions fully complied with prison procedures and that Pittman used only enough force to contain the situation.

In his objections, Odom argues at length that Pittman had failed to properly supervise the prison dining hall before Odom was assaulted by the other inmate, and that Pittman's negligence resulted in his using more force against Odom than he otherwise would have had to use. Odom asserts – without citation to any evidence – that Pittman acted maliciously and sadistically because he realized "that he was either late to respond to an incident, or he was enraged at the parties/situation." Pl.'s Objections 7.

Even if the court were to assume that Odom's arm injury is sufficiently serious to satisfy the objective component of the excessive force test, Odom has not demonstrated

that Pittman's actions satisfied the subjective component. Odom's unfounded speculation regarding Pittman's state of mind does not hold up against defendants' evidence that Pittman responded to the inmate-on-inmate altercation in precisely the manner required by prison regulations.

As the magistrate judge explained, Odom has not demonstrated that the force Pittman used was unnecessary or excessive. Accordingly, the court grants summary judgment on Odom's Bivens claim.

Because Odom's excessive force claim fails, his assault claim also fails. Carter v. Rogers, 805 F.2d 1153, 1158 (4th Cir. 1986) (finding that, where a federal excessive-force claim fails, a South Carolina state law claim for assault also fails).

### IV. CONCLUSION

For the reasons set forth above, the court **ADOPTS** the magistrate judge's R&R, ECF No. 34, and **GRANTS** defendants' partial motion for summary judgment, ECF No. 28. Specifically, the court **GRANTS** summary judgment in favor of defendants as to Odom's Bivens claim and his state law assault claim.[2]

**AND IT IS SO ORDERED**.

_____
**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**March 25, 2014**
**Charleston, South Carolina**

---

[2] Because defendants have not sought summary judgment on Odom's state law negligence claim, which he brings pursuant to the FTCA, that claim is not addressed by this order.